Filed 8/29/24  P. v. Allen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C100179 |
| Plaintiff and Respondent, | (Super. Ct. No. CR2018-1571-2) |
| v. | |
| DONTE RODNEY MICHAEL ALLEN, | |
| Defendant and Appellant. | |

Defendant Donte Rodney Michael Allen pled no contest to second degree robbery and admitted a great bodily injury enhancement in exchange for a stipulated term of six years in prison.  Appointed counsel for defendant asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm the judgment.

1

# FACTUAL AND PROCEDURAL BACKGROUND[1]

Codefendant Desiree Granadoz met the victim at a gas station, where she worked. They socialized and smoked cannabis together. One night, Granadoz picked up the victim from his home and they went to the Tower Bridge to smoke cannabis. They were at the bridge for about four minutes, and Granadoz was texting with a friend. The victim told Granadoz to take him home. She did and after she dropped him off, she left.

A few minutes later, Granadoz told the victim she was coming back and to come outside and smoke with her. The victim met her at the gate of his property. He got in the car and sat in the passenger seat, and they smoked cannabis. After a few minutes, three men, including defendant, opened the car doors and started beating the victim. They hit him in the head with a gun and he lost consciousness. The men pulled him out of the car and continued to beat him. They kicked and punched him in the head and body. The victim heard one of the men tell Granadoz to leave, and she did. After she left, the men continued to assault him. They stood on his face while he was on the ground, choked him with a garden hose, and tried to shoot him. They took his keys, wallet, cell phone, and necklace. They tried to get in his house, kicking the front door. The assault lasted between 20 and 45 minutes. Eventually, the men ran down the road and got in a car.

The victim's son called the police and the victim was taken to the hospital. The victim stayed in the hospital overnight and suffered injuries to his head and ribs that required ongoing pain medication.

Defendant pled no contest to second degree robbery and admitted he inflicted great bodily injury on the victim. In accordance with the plea, the trial court sentenced defendant to the stipulated term of three years on the robbery and a consecutive three years for the great bodily injury enhancement. The trial court imposed a $300 restitution

---

[1]    The factual background is taken from the preliminary examination, which served as the stipulated factual basis for the plea.

fine, imposed and stayed an identical parole revocation fine, a $40 court operation assessment, and a $30 criminal conviction assessment. The trial court also ordered defendant to pay $32,800 in direct victim restitution as recommended in the probation report.

Defendant appeals. Defendant did not obtain a certificate of probable cause.

On April 22, 2024, under Penal Code section 1237.2, defense counsel requested the trial court correct a claimed error in the imposition of the direct victim restitution. Defendant asked the court to order the abstract of judgment and minute order be corrected, if it was the trial court's intent to make the order joint and several with the codefendants as recommended in the probation report. On July 18, 2024, the trial court ordered the abstract of judgment amended to show the victim restitution as joint and several between all three codefendants.

### DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we have noted the oral pronouncement of judgment does not include that the codefendants are jointly and severally liable for the direct victim restitution. Because that is now accurately reflected in the minute order and the trial court has ordered the abstract of judgment amended, we need only modify the judgment to reflect the imposition of joint and several liability. We find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to reflect that the codefendants are all jointly and severally liable for the direct victim restitution.  As modified, the judgment is affirmed.


/s/
ROBIE, Acting P. J.


We concur:


/s/
MAURO, J.


/s/
DUARTE, J.

4